IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIBU INC.,

   Plaintiff,

v.

                     Case No. 16-1055-JTM

CHAD PECK,

   Defendant.

## MEMORANDUM AND ORDER

On September 8, 2016, the magistrate judge assigned to the case, Judge Teresa J. James, issued an order (Dkt. 56) granting defendant Chad Peck's motion to compel discovery (Dkt. 32). That order included a finding that "Plaintiff's actions were not substantially justified, and no circumstances exist which would make an award [for expenses] unjust." Dkt. 56 at 12. Plaintiff now asks this court to review Judge James's order. Plaintiff argues that Judge James clearly erred because: 1) she did not give plaintiff an opportunity to be heard before awarding sanctions, and 2) her conclusion that plaintiff was not substantially justified in its discovery responses was baseless.

A district court reviews a magistrate judge's decision on a nondispositive motion under the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir.2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D.Kan .2001) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The court has reviewed Judge James's order, the relevant law, and the parties' briefs on the original motion to compel and the instant motion. With respect to defendant's motion to compel, Judge James thoroughly discussed and applied the appropriate law governing discovery disclosure. Her ruling on the issues raised was reasonable and grounded in law. The court denies plaintiff's motion with respect to Judge James's rulings on the motion to compel.

Before awarding fees and expenses, Judge James discussed the legal standards for awarding fees and expenses when a motion to compel is granted. Dkt. 56 at 12. She noted that an award of expenses is required, after giving an opportunity to be heard, unless certain exceptions apply. *Id.* An "opportunity to be heard" does not require an actual hearing; written submissions are sufficient for the court to consider the issue. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 666 (D. Kan. 2004) (citations omitted). Defendant's motion to compel references Rule 37 and requests "any other appropriate or required relief under [that rule]." Dkt. 32 at1; Dkt. 33 at 11. Judge James provided plaintiff until October 14, 2016 to file a response to defendant's itemization for reasonable expenses and attorney's fees. Thus, plaintiff was given an opportunity to be heard.

**IT IS THEREFORE ORDERED** this 1st day of November 2016, that plaintiff's Motion for Review of Order (Doc. 64) is **DENIED**.

s/   J. Thomas Marten<br>
J. THOMAS MARTEN, District Judge