# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| hibu INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-cv-1055-JTM-TJJ |
| | ) |
| CHAD PECK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff hibu Inc.'s Motion to Compel Discovery Responses (ECF No. 58). Plaintiff asks the Court to overrule certain of Defendant's objections to interrogatories, compel Defendant to provide supplemental answers to some interrogatories and produce additional documents responsive to certain requests for production, award Plaintiff its attorney's fees and expenses incurred in bringing the motion, and grant Plaintiff an additional four hours of time to depose Defendant a second time. Defendant opposes the motion. For the reasons set forth below, the Court denies the motion in part and grants it in part.

**I.    Relevant Background**

On July 22, 2016, Plaintiff served Defendant with interrogatories and requests for production of documents. Defendant served his answers, responses, and objections on August 25, 2016. Six days later, Plaintiff's counsel sent an email to Defendant's counsel listing concerns with a number of Defendant's responses to Plaintiff's written discovery and requesting time to meet and confer.[1] Defendant's counsel did not respond until nearly two weeks later, on

---

[1] ECF No. 59-1. The email touched on all of the responses that remain at issue except Interrogatory No. 8.

1

September 7, addressing two of Plaintiff's concerns with a short paragraph each.[2] The email indicated more specific responses would be forthcoming, but made no mention of a meet and confer.[3] Plaintiff's counsel followed the next day with an email asking to talk with Defendant's counsel by noon on September 9 and reminding counsel that Plaintiff needed the information to prepare for Defendant's September 20 deposition.[4] Counsel spoke by phone on September 9, with Defendant's counsel indicating they intended to supplement and withdraw certain objections by September 12, but not committing to the date or the substance of any supplement. Defendant's counsel sent an email on September 12, stating that while they had hoped to supplement their responses and production that day, because Chad Peck had surgery on September 9, they were unable to do so but hoped to respond in another day or two.[5] On September 15, Defendant provided his supplemental responses and additional documents, all of which Defendant conditionally designated as Attorneys' Eyes Only.[6] On September 18, two days before Plaintiff deposed Defendant, Defendant lifted the conditional designation, thereby allowing Plaintiff's counsel to review the documents with his client.[7]

Plaintiff filed the instant motion on September 13, and contends that counsel complied with the requirements of D. Kan. Rule 37.2. Defendant disagrees. Given the delays and uncertainty of Defendant's discovery supplementation, particularly when Defendant's deposition

---

[2] ECF No. 59-2.

[3] *Id.*

[4] ECF No. 59-3.

[5] ECF No. 59-4.

[6] ECF No. 77-2.

[7] ECF No. 77 at 6 n.8.

was fast approaching, the Court finds that Plaintiff's counsel made a reasonable attempt to confer in an attempt to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II.     Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As recently amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[8]

Considerations of both relevance and proportionality now govern the scope of discovery.[9] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[10] Information still "need not be admissible in evidence to be discoverable."[11] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[12]

---

[8] Fed. R. Civ. P. 26(b)(1).

[9] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[10] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[11] Fed. R. Civ. P. 26(b)(1).

[12] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[13]  Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations.  If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[14]  In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[15]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[16]  Relevancy determinations are generally made on a case-by-case basis.[17]

### III.    Analysis

Plaintiff raises issues with respect to Defendant's objections to certain interrogatories and his failure to produce information and documents he asserts are not within his possession, custody, or control.  The Court considers each in turn.[18]

---

[13] *Id.*

[14] *Id.*

[15] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[16] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[17] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[18] In its motion, Plaintiff challenges Defendant's objection to certain interrogatories based on temporal scope.  Defendant has withdrawn the objection and the issue is moot.  In addition, Defendant supplemented his answers to Interrogatory Nos. 7, 10, and 13, also making moot

A.      **Interrogatory Nos. 4 and 5**

Plaintiff requests in its motion that the Court require Defendant to answer these interrogatories with all the information available to him.   Defendant contends he has provided complete answers by relying on his memory and identifying people and information by producing text messages from his personal cell phone.   Plaintiff counters that in responding to these interrogatories Defendant is obligated to consult Dex Media documents, which Plaintiff presumes are immediately available to Defendant.   Defendant disagrees, asserting he does not have authority to disclose documents belonging to Dex Media.

The interrogatories are as follows:

> INTERROGATORY NO. 4: Identify any customers of Plaintiff with whom you have had any communications, directly or indirectly (e.g. asking someone other than yourself to communicate with the customer), from the date of the termination of your employment with Plaintiff to the present. For purposes of this interrogatory, "customer" means any person or entity whose account you serviced or supervised during the last 12 months of your employment with Plaintiff and includes each customer serviced by any sales representative who reported to you during your last 12 months of employment with Plaintiff. For each customer of Plaintiff identified, provide the following information:
>
> A. Identify any documents pertaining to each such communication and the date(s), participants, and means (e.g. in-person, e-mail, text or instant message, cell phone call, etc.) of each communication, and,
>
> B. Describe in detail the substance of each such communication.
>
> INTERROGATORY NO. 5: Identify any employees (other than your spouse) of Plaintiff with whom you have had any communications, directly or indirectly, from the date of the termination of your employment with Plaintiff to the present pertaining to Dex Media, Plaintiff or any of the issues in dispute in this case. For purposes of this interrogatory, "employee" means any person who was, at the time of such communication, or during the

---

Plaintiff's challenge to the completeness of Defendant's answers thereto.

>  12 month period preceding the termination of your employment with Plaintiff, an employee of Plaintiff. For each employee of Plaintiff identified, provide the following information:
>
>  A. Identify any documents pertaining to each such communication and the date(s), participants, and means (e.g. in-person, e-mail, text or instant message, cell phone call, etc.) of each communication, and,
>
>  B. Describe in detail the substance of each such communication.

In response, Defendant identified the businesses he had personally contacted since joining Dex Media; to the extent he knew of them, the businesses solicited or attempted to be solicited by the sales representatives who left hibu and joined Dex Media; and the hibu employees Peck communicated with after he left hibu including text messages with the identified individuals. In moving for additional information, Plaintiff states in conclusory fashion that "Peck must know most—if not all—the customers he and his subordinates have called on for business,"[19] and that "he has access to all the information he needs to respond to the interrogatory."[20] What Plaintiff describes in the latter reference are Dex Media documents. Defendant states the documents are exclusively maintained in his Dex Media computer and email and he has no authority to disclose them.[21]

Plaintiff complains that Defendant has not responded to these interrogatories "with the information he has access to," and asserts that Defendant must "identify and produce the documents that contain the requested information."[22] Plaintiff thus invokes Federal Rule of Civil Procedure 33(d), which allows an answering party to specify and make available business records

---

[19] ECF No. 59 at 8.

[20] ECF No. 92 at 4.

[21] ECF No. 77 at 10.

[22] ECF No. 59 at 8.

when such documents provide the information the interrogatory seeks. The rule states, however, that the option to produce business records applies to *the answering party's* business records.[23] By definition, therefore, Plaintiff cannot require Defendant to produce Dex Media's business records in answer to an interrogatory.

A party may unquestionably require another party to produce documents under Federal Rule of Civil Procedure 34. As Rule 34(a)(1) states, a party may serve on any other party a request to produce designated documents "in the responding party's possession, custody, or control." Documents are deemed to be within the "possession, custody or control" of a party if the party has "actual possession, custody or control of the materials or has the legal right to obtain the documents on demand."[24] "Control" comprehends not only possession of the documents, but also the right, authority, or ability to obtain them."[25] Rule 34(a) therefore enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person who possesses the documents.[26] A party that has a legal right to obtain certain documents is deemed to have control of the documents, but the relationship between the party and the person or entity having actual possession of the document is central in each case.[27] The party seeking the production of documents bears the burden of proving that the producing party has the control required under Fed.

---

[23] Fed. R. Civ. P. 33(d) ("If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, . . . the responding party may answer by: (1) specifying the records . . .; and (2) giving the interrogating party a reasonable opportunity to examine . . . the records.").

[24] *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D. Kan. 2001).

[25] *Super Film of Am., Inc. v. UCB Films, Inc.,* 219 F.R.D 649, 651 (D. Kan. 2004).

[26] *Id.*

[27] *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007).

R. Civ. P. 34(a).[28]

With its conclusory statements, Plaintiff has not met the burden of proving that Defendant has control of Dex Media documents containing information relevant to these interrogatories. "A moving party fails to meet its burden to demonstrate control when it merely asserts that the adverse party has control over documents."[29] Plaintiff offers no affirmative evidence that Defendant possesses the Dex Media documents in question or has the legal right to do so, nor does it rebut Defendant's assertions to the contrary. The appropriate procedure to compel a non-party, such as Dex Media, to produce its documents is to serve a subpoena under Fed. R. Civ. P. 45.[30] It appears that Plaintiff recognizes as much, as it has had Rule 45 subpoenas issued to Dex Media.[31] The Court concludes Defendant has sufficiently answered Interrogatory Nos. 4 and 5, and denies Plaintiff's motion insofar as it seeks to compel Defendant to further answer them.

### B.     Interrogatory No. 8

In response to Interrogatory No. 8, Defendant asserts that communications he had with Dex Media's Senior Legal Counsel are protected by attorney-client/common interest doctrine. The interrogatory asks in relevant part:

> INTERROGATORY NO. 8: Identify each employee of Dex Media with whom you had any communications concerning the employment or possible employment or engagement with Dex Media of . . . [employee names] at any time prior to the commencement of the employment with Dex Media of such person. For each employee identified, provide the following information:

---

[28] *Super Film*, 219 F.R.D. at 653 (citing *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970)).

[29] *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 519 (D. Kan. 2007).

[30] *Tank Connection, LLC v. Haight*, No. 13-cv-1392-JTM-TJJ, 2015 WL 3514830, at *6 (D. Kan. June 4, 2015).

[31] *See* ECF Nos. 94 and 95. Although the corporate entity to which the subpoenas were issued is Dex One Service, Inc., during the October 12, 2016 Scheduling Conference counsel indicated the subpoenas were directed to Dex Media.

> . . .
>
> B.   Describe in detail the substance of each such communication.

Defendant included in its original answer the name Vanessa Andros, with whom he had in-person conversations.  As for the substance of their conversations, Defendant answered "Objection.  Attorney-client/common interest communications concerning legal advice pertaining to hiring of employees."[32]   Defendant later supplemented the answer by identifying Vanessa Andros as Senior Legal Counsel for Dex Media and stating the following: "I recall one communication with Andros on January 14, 2016, which consisted of legal advice regarding the hiring of [employee names]."[33]

In its motion, Plaintiff contends Defendant has not provided enough information to allow hibu to determine whether the communications are privileged.  In his response to the instant motion, Defendant states only that he "provided all the information that his counsel indicated it would provide [in answer to Interrogatory No. 8] . . . through his supplemental interrogatory responses."[34]   Plaintiff insists the supplemental answer is insufficient as it does not explain how the common interest doctrine applies, nor does it explain how the identified individuals' interests are identical to Defendant's interests in the context of the disclosed communication.  Plaintiff asks the Court to compel Defendant to provide sufficient information to allow hibu to determine whether the common interest doctrine applies.

By operation of Fed.R.Evid. 501, state law governs privilege claims in actions arising

---

[32] ECF No. 59-6 at 8-9.

[33] ECF No. 77-3 at 8-9.

[34] ECF No. 77 at 11.

9

under the court's diversity jurisdiction.[35]   However, whether the court applies federal or Kansas law generally makes no difference in determining whether the attorney-client privilege applies, as there is no real conflict between the two.[36]   Defendant invokes the common interest doctrine, which is not a separate privilege but an exception to waiver of the attorney-client privilege.[37]

> Generally, when a communication between a client and an attorney occurs in the presence of third parties, the attorney-client privilege is waived.   The common interest doctrine, however, affords two parties with a common legal interest a safe harbor in which they can openly share privileged information without risking the wider dissemination of that information.   The common interest doctrine can only exist where there is an applicable underlying privilege.[38]

The party asserting the attorney-client privilege has the burden of establishing that the privilege applies.[39]   To carry that burden, Defendant must make a "clear showing" that the asserted objection applies.[40]   Based on Defendant's bare statement that one conversation consisted of legal advice with regard to hiring certain employees, it is not readily apparent that the attorney-client privilege attaches to the conversations Defendant had with Dex Media's in-house counsel and executive.   It is even less apparent how the common interest doctrine would apply because for it to attach, "most courts . . . insist that the two parties have in common an interest in securing legal advice related to the same matter—and that the communications be made to

---

[35] *Pacific Emp'rs Ins. Co. v. P.B. Hoidale Co.,* 142 F.R.D. 171, 173 (D. Kan. 1992).

[36] *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 631 n.1 (D. Kan. 2000).

[37] *Id.* at 632.

[38] *U.S. Fire Ins. Co. v. Bunge N. Am.*, No. 05-2192-JWL-DJW, 2006 WL 3715927, at *1 (D. Kan. Dec. 12, 2006).

[39] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000).

[40] *Id.* (citing *Ali v. Douglas Cable Commc'ns, Lts. P'ship*, 890 F. Supp. 993, 994 (D. Kan. 1995)).

advance their shared interests in securing legal advice on that common matter."[41]   "The key consideration is that the nature of the interest be identical, not similar, and be legal, not solely commercial."[42]   Based on the paucity of information Defendant has provided, the Court concludes that Plaintiff's motion should be granted with respect to Interrogatory No. 8 and Defendant must provide sufficient information to allow Plaintiff to determine whether the privilege applies.

        C.       **Request for Production Nos. 4-7, 14, 15, 17, 18, 25, 27-34**

Similar to Interrogatory Nos. 4 and 5, Plaintiff seeks to compel Defendant to produce Dex Media documents in response to these RFPs.   Defendant included the following statement in response to each of these requests:   "To the extent this Request seeks documents prepared or generated during his employment with Dex Media that Dex Media maintains in the ordinary course of its business, those documents are Dex Media's property and Defendant Peck has neither the requisite legal control nor Dex Media's permission to disclose such documents."[43]

In its reply, Plaintiff urges the Court to reject the legal standard it employs under Fed. R. Civ. P. 34(a) in favor of the "practical ability" test.[44]   Under this standard, Plaintiff argues it is entitled to the Dex Media documents because the documents are ones Defendant frequently uses and likely helped create.   Plaintiff's position is inconsistent with the law in this district.[45]

---

[41] *Sawyer v. Southwest Airlines*, No. 01-2385-KHV, 2002 WL 31928442, at *3 (D. Kan. Dec. 23, 2002).

[42] *Id.*

[43] ECF No. 59-7 *passim*.

[44] This standard requires production of documents that a party has the practical ability to obtain from another, irrespective of legal entitlement to the documents.   *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D 499, 502 (D. Kan. 2001).

[45] "[The practical ability] approach is not supported by law and, in fact, conflicts with Federal

Accordingly, for the reasons stated with respect to Interrogatory Nos. 4 and 5, the Court denies Plaintiff's motion insofar as it seeks to compel Defendant to provide Dex Media documents that he does not control nor have permission to disclose.

### D. Sanctions

Plaintiff argues that Defendant's objections discussed herein and his refusal to produce Dex Media documents are not substantially justified. As a consequence, he asks for an award of attorney's fees and expenses and an additional four hours of deposition time for a second setting of Defendant's deposition after Plaintiff has had sufficient time to review any supplement the Court orders.[46] The Court has denied Plaintiff's motion except with regard to the common interest issue raised in reference to Interrogatory No. 8, but Defendant indicates that only one oral conversation occurred and he withheld no documents. Accordingly, Plaintiff's counsel should not expect to receive any additional documents as a result of this order. Pursuant to Fed. R. Civ. P. 37(a)(5)(C), the Court declines to award expenses to either party.

**IT IS THEREFORE ORDERED THAT** Plaintiff hibu Inc.'s Motion to Compel Discovery Responses (ECF No. 58) is **DENIED IN PART** and **GRANTED IN PART.** The motion is **DENIED** with respect to Interrogatory Nos. 4 and 5, and with respect to Request for Production Nos. 4-7, 14, 15, 17, 18, 25, and 27-34. The motion is **GRANTED** with respect to Interrogatory No. 8. **Within seven days of the date of this order,** Defendant shall provide Plaintiff with sufficient information to allow hibu to determine whether the common interest doctrine applies as Defendant has claimed.

---

Rule of Civil Procedure 45." *Id.*

[46] According to Defendant, Plaintiff's counsel suspended Defendant's deposition after five of the allotted seven hours, reserving the remaining two hours for additional questioning after this ruling. Defendant expresses no objection to this arrangement, and presumably Plaintiff's counsel will resume Defendant's deposition for up to two hours.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge
