IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

hibu INC.,                          )
                                    )
           Plaintiff,               )
                                    )
v.                                  )    Case No. 16-cv-1055-JTM-TJJ
                                    )
CHAD PECK,                          )
                                    )
           Defendant.               )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff hibu Inc.'s Motion to Compel and for Sanctions (ECF No. 158). Plaintiff asks the Court to compel non-party Dex Media, Inc. ("Dex") to fully prepare and produce witnesses to answer questions relating to two of the topics Plaintiff designated in its Rule 30(b)(6) subpoena, and to pay the costs of such remedial deposition. Plaintiff also seeks an award of its expenses and costs incurred in relation to the first deposition and in bringing the instant motion. Dex opposes the motion. For the reasons set forth below, the Court grants the motion in part and denies it in part.

## I.     Relevant Background

On September 29, 2016, Plaintiff filed and served on Defendant notice that it would serve two Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on Dex One Service, Inc.[1] Plaintiff included in its filing copies of the subpoenas and attachments thereto.[2] The subpoenas directed Dex One Service, Inc. to produce the documents on October 5, 2016. On September 30, 2016, Plaintiff obtained personal service

---

[1] *See* ECF No. 74.

[2] *See* ECF No. 74-1. The subpoenas appear to be identical except one is directed to Dex One Service, Inc. at its business address, while the other is directed to the company's registered agent. Both addresses are in Kansas.

on Dex One Service, Inc. at each address.[3] Also on September 29, Plaintiff prepared a Subpoena to Testify at a Deposition in a Civil Action for Dex One Service, Inc., with the same attachment as the document subpoena.[4] The attachment lists twelve topics on which a corporate representative was to testify.

Dex designated Jim McCusker, its Chief Revenue Officer, to testify to Topic 7 in the subpoena, and agreed to produce him on February 9, 2017. Plaintiff noticed McCusker's deposition in his personal capacity for the same date. Topic 7 states as follows:

> Business cases, budgets, proposals, studies, plans, strategies, analysis, requests for approval or discussions relating to (i) the expansion of the business of Dex Media in the State of Kansas to or within any market managed or to be managed in whole or in part by Chad Peck, or ii) involving hibu's business, customers, employees, directories and other products in the State of Kansas, in each case, prepared, in whole or in part, by Chad Peck, whether jointly or with others, or received by Chad Peck from Dex Media, in each case at any time from 2014 to the present.[5]

Dex designated John Gregory, its Vice President of Directory Marketing and Pricing, to testify to Topic 6. Dex agreed to produce him on February 10, also the same date on which Plaintiff noticed Gregory's personal deposition. Topic 6 states as follows:

> Studies, analysis, business cases, requests for approval, business plans, maps, budgets and forecasts pertaining to (i) the acquisition, or potential acquisition, of any or all assets or business in the State

---

[3] *See* ECF Nos. 94, 95.

[4] The court docket contains no evidence of a deposition subpoena. In response to the undersigned Magistrate Judge's inquiry about whether Plaintiff had served a Rule 30(b)(6) deposition subpoena on Dex, Plaintiff provided a copy of the signed subpoena. The Court presumes that Plaintiff served the document and deposition subpoenas at the same time. Dex does not challenge service or the discrepancy between the subpoenaed entity ("Dex One Service, Inc.") and the responding entity ("Dex Media, Inc."). It is the Court's understanding, given the lack of detail in the briefing, that Dex and the parties agreed to the dates, location, and other details regarding the 30(b)(6) witnesses Dex designated for Topics 6 and 7.

[5] ECF No. 74-1 at 9.

of Kansas of User Friendly or other yellow pages directory publishers, or (ii) the launch of new yellow pages directories, the expansion of existing yellow pages directories or other joint venture or association of any type by Dex Media with User Friendly or other such publishers, or by User Friendly or other such publishers with Dex Media, in each case produced at any time from 2014 to the present.[6]

In both instances, Plaintiff began the sessions by taking the witness's deposition in his personal capacity, followed immediately by the Rule 30(b)(6) deposition.[7] Plaintiff's counsel stated at the end of each 30(b)(6) session that he did not find the witnesses had been adequately prepared to testify on behalf of Dex as to their respective topics.

During a March 15, 2017 conference, the undersigned Magistrate Judge learned of the parties' dispute concerning this issue and imposed a March 29, 2017 deadline for the parties to resolve it or file a motion.[8] On March 29, 2017, counsel for Plaintiff sent an email to the undersigned Magistrate Judge to update the Court regarding the parties' meet and confer, indicating they had not resolved the matter and a motion would follow.[9]

## II. Legal Standards

---

[6] *Id.*

[7] According to the transcripts, McCusker's first deposition started at 8:07 a.m. and ended at 2:21 p.m. His second deposition began at 2:21 p.m. and ended at 3:37 p.m. *See* ECF Nos. 163-3; 159-1. Gregory's first deposition began at 10:57 a.m. and ended at 3:26 p.m., while his second deposition started at 3:30 p.m. and ended at 4:15 p.m. *See* ECF Nos. 163-2; 159-1.

[8] The Court also directed counsel to read a Memorandum and Order she entered in another case regarding proper preparation of a Rule 30(b)(6) witness. The case the Court was referring to is *Miller v. NEP Group Inc.,* Case No. 15-cv-9701-JAR, 2016 WL 6395205 (Oct. 28, 2016), which Plaintiff cites in its motion.

[9] Counsel for Dex responded to the email and did not take issue with the representation that the parties had met and conferred regarding the issue. While the Court will not hold Dex to the same duty to confer standard as the parties, the fact that Dex is represented by Defendant's counsel means that counsel who are very familiar with each other are on both sides of this motion. In its response, Dex recounts how its counsel "reached out to counsel for Hibu to discuss a possible resolution of the Motion." ECF No. 162 at 3. In any event, the Court finds Local Rule 37.2 is satisfied by counsel's communications with each other.

Rule 30(b)(6) requires that persons designated to testify on behalf of an entity "must testify about information known or reasonably available to the organization." Thus, the rule implicitly requires a designated representative to review all matters known or reasonably available to the organization in preparation for the Rule 30(b)(6) deposition.[10] This is necessary to prevent a party from sandbagging its opponent by conducting only a minimal inquiry before the deposition but a thorough inquiry in preparing the witness to testify at trial.[11]

> A notice of deposition made pursuant to Rule 30(b)(6) requires the corporation to produce one or more officers to testify with respect to matters set out in the deposition notice or subpoena. A party need only designate, with reasonable particularity, the topics for examination. *The corporation, then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.*[12]

In other words, an organization does not fulfill its obligations under Rule 30(b)(6) by producing a witness who states he or she is without knowledge of facts on a designated topic, when those facts are within the organization's knowledge or are reasonably available.

Producing an unprepared witness for a Rule 30(b)(6) deposition "is tantamount to a failure to appear at a deposition" and therefore constitutes sanctionable conduct under Fed. R. Civ. P. 37(d)(1)(A).[13]

## III. Analysis

In its response to Plaintiff's motion, Dex argues the motion is moot because it has offered

---

[10] *Miller*, 2016 WL 6395205, at *11 (citing *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999)).

[11] *Id.*

[12] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,* No. 94-2395-GTV, 1995 WL 625962, at *13 (D. Kan. Oct. 5, 1995) (internal citation omitted) (emphasis added).

[13] *Cherrington Asia Ltd. v. A & L Underground, Inc.*, 263 F.R.D 653, 658 (D. Kan. 2010) (quoting *Starlight*, 186 F.R.D. at 639).

and still offers "to provide a replacement 30(b)(6) deposition on [Topics 6 and 7]."[14] Plaintiff contends its motion is not moot because Dex has not offered to pay the expenses Plaintiff incurred in conducting the depositions, and because Plaintiff maintains it is entitled to sanctions. While the Court agrees that Dex's response does not render Plaintiff's motion moot, Dex's agreement to provide Plaintiff with an additional 30(b)(6) deposition on both of the topics in question makes it unnecessary for the Court to decide whether to compel Dex to do so.

What remains for the Court to decide is (1) if Dex should bear the costs of the second deposition; and (2) whether to award Plaintiff, pursuant to Rule 37, its expenses and costs for the 30(b)(6) depositions of McCusker and Gregory and its expenses and fees for bringing this motion.

### A.     Whether Dex should bear the costs of the second deposition.

Dex does not address whether its agreement to provide an additional 30(b)(6) deposition on Topics 6 and 7 includes paying the costs of such deposition. The Court finds Dex should pay such costs. By offering to produce another witness to testify on Topics 6 and 7 in response to Plaintiff's challenge to the adequacy of the original witnesses' preparation, Dex at least tacitly acknowledges it failed to comply with its obligations under Rule 30(b)(6). Had the witnesses reviewed all matters known or reasonably available to Dex concerning Topics 6 and 7 before the depositions, there would be no need for Plaintiff to conduct another deposition on these topics. In reaching this conclusion, the Court notes it comports with the decision in *Tulip Computers International B.V. v. Dell Computer Corporation*, CIV.A. 00-981-RRM, 2002 WL 818061 (D. Del. Apr. 30, 2002), which Dex cites for the proposition that courts often refrain from imposing monetary sanctions where an organization offers a supplemental 30(b)(6) deposition. In *Tulip*, the organization offered to produce another witness to answer the questions the first witness was

---

[14] ECF No. 162 at 7.

unable to answer. The court noted the answers might be attainable through documents or interrogatories instead of a deposition, but left to the parties the most efficient way to conduct the discovery. "Should another deposition be required, however, the court will order [the organization] to pay the costs of that deposition."[15]

### B. Whether to award Plaintiff sanctions under Rule 37.

Plaintiff asks the Court to impose sanctions on Dex, arguing that McCusker and Gregory were unprepared for their 30(b)(6) depositions in a way that was tantamount to failure to appear. Rule 37(d) allows a court to order sanctions when a person designated under Rule 30(b)(6) fails to appear for deposition.[16] If a court orders sanctions, they must at a minimum include the expenses and fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust.[17]

The Court has read the transcripts of McCusker's and Gregory's personal and 30(b)(6) depositions, and concludes that neither witness was so ill-prepared as to constitute failure to appear. While McCusker acknowledged he had not met with anyone at Dex other than his attorneys to prepare to address Topic 7, nor had he requested any documents to review, on his own initiative or at counsel's suggestion he had reviewed some documents and was able to answer a number of questions about Dex's actions with respect to User Friendly in 2015. He candidly stated that he did not begin working at Dex until 2015 and therefore was unable to testify about events in 2014, which the Court presumes accounts in part for Dex's willingness to produce

---

[15] *Tulip Computers Int'l B.V. v. Dell Comput. Corp.*, CIV.A. 00-981-RRM, 2002 WL 818061, at *8 (D. Del. Apr. 30, 2002).

[16] "The court where the action is pending may, on motion, order sanctions if . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

[17] Fed. R. Civ. P. 37(d)(3).

6

another witness on Topic 7. The Court finds that McCusker was not fully prepared to testify on Topic 7, but he was able to provide some information on the topic. Accordingly, the Court will not find he failed to appear.[18]

Likewise, while Gregory did not speak with anyone other than counsel in preparation for his testimony, nor did he inquire whether Dex possesses any relevant documents beyond those he reviewed, he testified that he did review all the emails that had been presented to him, and he answered a number of questions about Dex's activities with regard to its possible acquisition of User Friendly and other yellow pages directories publishers. While Gregory was not fully prepared to testify on Topic 6, he was able to provide some information, and the Court will not find he failed to appear.

Because the Court does not find either witness failed to appear for his deposition, sanctions under Rule 37(d) are not in order.

Finally, Plaintiff seeks sanctions under Rule 37(a)(5)(A), which requires (with specific exceptions to the contrary) an award to the moving party of its reasonable expenses and fees incurred in bringing the motion if the court grants the motion.[19] But because the Court grants in part and denies in part Plaintiff's motion, the controlling language is in Rule 37(a)(5)(C), which permits a court to apportion the reasonable expenses of the motion after giving an opportunity to

---

[18] Dex suggests the Court should take into account the questions and answers both McCusker and Gregory gave during their personal depositions which "related in some fashion to these precise 30(b)(6) Topics." ECF No. 162 at 4. The Court rejects the argument. "In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic. The designee testifies on behalf of the corporation and thus holds it accountable." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006) (internal citations omitted). Plaintiff is entitled to Dex's testimony, which is not the same as McCusker's or Gregory's testimony.

[19] Fed. R. Civ. P. 37(a)(5)(A).

be heard.  The Court finds no compelling reason to apportion expenses, and denies Plaintiff's motion insofar as it seeks to recover its expense and fees for bringing the instant motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff hibu Inc.'s Motion to Compel and for Sanctions (ECF No. 158) is **GRANTED IN PART** and **DENIED IN PART.**  The motion is **GRANTED** insofar as it seeks to compel Dex Media, Inc. to produce a witness or witnesses who are fully prepared to testify about information known or reasonably available to Dex concerning Topics 6 and 7.  Dex Media, Inc. shall bear the costs of the second deposition, including travel expenses of Plaintiff's counsel.  The motion is **DENIED** insofar as Plaintiff seeks sanctions under Fed. R. Civ. P. 37.

**IT IS SO ORDERED.**

Dated this 21st day of April, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge
