# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| hibu INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-1055-JTM-TJJ |
| | ) | |
| CHAD PECK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel (ECF No. 176). Defendant asks the Court to order Plaintiff to produce documents requested in Peck's Eighth Request for Production of Documents, Request Nos. 69 and 70. On June 6, 2017, the undersigned Magistrate Judge conducted a telephone hearing on the motion and issued an oral ruling granting the motion in part and denying it in part. The ruling is memorialized as set forth below.

## I.     Relevant Background

hibu alleges Defendant's conduct caused Plaintiff to suffer damages which include lost revenue in certain of hibu's Kansas markets. Plaintiff measures the decline by comparing the Kansas markets to 30 other hibu markets which, in the aggregate, suffered no similar decline. In his Eighth Request for Production of Documents, Defendant requested revenue data for all of hibu's markets, nationwide, for the purpose of preparing his own comparative market analysis. Plaintiff objected to the requests and Defendant brought the instant motion.

The Court finds that the parties have conferred in attempts to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.[1]

---

[1] The Court notes that counsel who had represented Defendant since the inception of this case recently withdrew, and current counsel entered their appearance for Defendant on May 9, 2017. It appears that new counsel were involved in conferring with Plaintiff's counsel on this issue.

## II. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[2]

Considerations of both relevance and proportionality now govern the scope of discovery.[3] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[4] Information still "need not be admissible in evidence to be discoverable."[5] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[6]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[7] Moving the proportionality provisions to Rule 26 does not place on the party seeking

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[5] Fed. R. Civ. P. 26(b)(1).

[6] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[7] *Id.*

discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[8] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[9] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[10] Relevancy determinations are generally made on a case-by-case basis.[11]

In making its Rule 26 disclosures, a party is required to provide a computation of any category of damages it is claiming. The general rule is that a defendant is entitled to a specific computation of damages and to have made available for inspection and copying the documents and other evidentiary material on which such computation is based.[12]

## III. Analysis

Defendant takes issue with respect to Plaintiff's objections and refusal to produce documents responsive to two requests from Defendant's Eighth Set of Requests for Production of

---

[8] *Id.*

[9] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[10] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[11] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[12] *Kleiner v. Burns*, No. 00-2160-JWL, 2000 WL 1909470, at *2 (D. Kan. Dec. 22, 2000).

Documents. The requests seek information for hibu's print directory and digital products revenue, respectively, as follows:

> 69. Produce documents sufficient to show a decline or increase in revenue for every hibu print directory, on a nationwide basis, from 2012 to present.
>
> 70. Produce documents sufficient to show a decline or increase in revenue for all digital products sold by hibu in every market or territory nationwide from 2012 to present. The format should be similar to the documents provided in hibu's Fourth Supplemental Disclosures Exhibit B.[13]

Plaintiff provided the same response to both RFPs, which is as follows:

> **RESPONSE:** Objection. Plaintiff objects that this request is overly broad, not reasonably calculated to lead to the discovery of relevant and admissible information, seeks confidential, proprietary, and trade secret business information, and is harassing. This lawsuit is about Defendant's conduct for his new employer, Dex Media. Defendant and/or Dex Media do not have any claims against Plaintiff in this case, much less claims that would warrant inquiry into Hibu's nationwide revenue, including revenue for hundreds of markets that have no relevance to Plaintiff's claims or Defendant's alleged actions that are the subject of this case. The relevant documents supporting Plaintiff's lost revenue claim have already been produced. No proportional rationale exists for the production of these documents.[14]

Defendant offers three arguments why the documents are relevant. First, Defendant argues that Plaintiff "cherry picked" comparable markets, and that having put comparable markets at issue, Defendant should have access to the same complete data set of all hibu's markets to present its own competing comparable market analysis. Second, Defendant argues the requested discovery is proportional to the needs of the case because it goes directly to Plaintiff's damages and could be produced with minimal burden or expense. Finally, Defendant asserts the existing Protective Order in this case would address any confidentiality concerns Plaintiff might have.

Plaintiff contends the time for making this request has passed, given that the parties have been vigorously litigating this case for over a year with no request by Defendant for additional

---

[13] ECF No. 176-1 at 2, 3.

[14] *Id.*

4

market data outside Kansas and nearby markets. Plaintiff argues Defendant should not be permitted to re-do discovery because he retained new counsel, and questions whether Defendant's requests are motivated by negotiations Dex Media is having with a competitor which could result in hibu's proprietary and confidential information being used by the combined entities in their business strategy. Plaintiff also argues that (1) Defendant's expert report contains an analysis without stating a need for additional comparable information, (2) Defendant has made no showing how nationwide data is relevant, (3) the RFPs are disproportional to the needs of the case in that Defendant has not demonstrated a need for the information and assembling it would take hundreds of hours.

The Court was fully familiar with the parties' arguments in advance and began the hearing by making the following findings and rulings.

The Court found that RFP Nos. 69 and 70 are not untimely. Defendant served the requests on March 10, 2017, and the discovery deadline is July 12, 2017. When Plaintiff inserted into the case its comparison of the Wichita, Kansas markets at issue to 30 other hibu markets to support its claims that Defendant's actions caused the decline in revenue in the former, Plaintiff opened the door to some extent as to whether (1) those 30 markets are comparable, and (2) other area hibu markets might be comparable. Plaintiff's argument that Defendant's discovery requests disrupt the paradigm on which the entire case rests is unpersuasive. Defendant is entitled to conduct discovery into the basis for Plaintiff's revenue loss calculations, including discovery which may permit Defendant to rebut Plaintiff's 30 comparable markets data and conclusions.

However, Defendant's RFPs for documents showing increases and decreases in revenue for every print directory and for all digital products sold by hibu in every market nationwide from 2012 to the present are not relevant on their face. It is Defendant's burden to demonstrate the

relevance of all such information, and Defendant has not met that burden. In fact, Defendant does not offer a single reason why he is entitled to revenue data from every market in every state in which hibu does business. RFP Nos. 69 and 70 are overbroad as written, not proportional to the needs of this case at this relatively late stage, and raise concerns regarding the protection of proprietary information in this highly competitive industry in which Dex Media purportedly has recently been involved in negotiations to combine with a competitor.

The Court thus denied the RFPs as written, but found that Defendant is entitled to some additional information because Plaintiff has opened the door by utilizing comparable markets in its damages calculations. After posing a number of questions to counsel, the Court continued ruling as follows. The purpose of the discovery the Court orders is limited to allowing Defendant to discover the basis for Plaintiff's 30 comparable markets and corresponding damages conclusions.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (ECF No. 176) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that with respect to print revenue, no later than **June 20, 2017**, Plaintiff shall produce to Defendant all revenue data for all hibu markets in Kansas, Oklahoma, Missouri, Nebraska, Iowa and Colorado for calendar year 2014 to the present, and for all markets that have been in Jeff Johanns' region since January 1, 2014 (and shall produce the data for the Johanns region for calendar year 2014 to the present).

**IT IS FURTHER ORDERED** that with respect to digital revenue, no later than **June 20, 2017**, Plaintiff shall produce all revenue data for all hibu markets in Kansas, Oklahoma, Missouri, Nebraska, Iowa and Colorado for calendar year 2016 to the present, and for all markets that have been in Jeff Johanns' region since January 1, 2016 (and shall produce the data for the Johanns region for calendar year 2016 to the present).

**IT IS FURTHER ORDERED** that, to the extent Defendant desires to supplement his expert report based upon the additional discovery Plaintiff produces pursuant to this order, Defendant must serve his supplemental damages expert report **within ten (10) days** of receiving Plaintiff's production. The Court will not allow new or additional expert designations, but only supplementation on the limited basis allowed by this order. The expert designation deadlines have passed and the Court will not extend those deadlines.

The July 12, 2017 discovery deadline remains in place. The Court will not further extend the discovery deadline. If the parties choose to conduct additional discovery by mutual agreement after July 12, 2017, the Court will not be available to resolve any disputes that arise during the course of such extended discovery.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge