# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| hibu INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-cv-1055-JTM-TJJ |
| | ) |
| CHAD PECK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Peck's Motion for Protective Order Staying Deposition of Peck's Expert Rodney Sowards (ECF No. 216). Defendant asks the Court to stay the deposition of his damages expert, Rodney Sowards, until the Court resolves Defendant's pending Rule 37(c)(1) Motion to Strike hibu Expert Steve Browne's Lost Profits Opinion (ECF No. 212). For the reasons set forth below, the Court denies the motion.

## I. Relevant Background

On June 26, 2017, Defendant filed a motion to strike the rebuttal opinion of Plaintiff's expert witness (ECF No. 212). In the suggestions he filed in support of his motion, Defendant seeks alternative relief including allowing Defendant leave to supplement Mr. Sowards' report. The presiding District Judge will rule on the motion to strike after it becomes ripe, but at this point the recently-filed motion remains pending and it is unknown whether Defendant will prevail or if he does, what relief the District Judge will grant.

On April 24, 2017, the undersigned Magistrate Judge conducted a telephone conference during which Defendant's new counsel explained he was requesting a 30-day extension of the

1

remaining case deadlines to have time to get up to speed on the case.[1] The Court noted such an extension would (and ultimately did) result in a Fifth Amended Scheduling Order, with the Fourth Amended Scheduling Order having resulted from Defendant producing a substantial report from its damages expert which justified extending Plaintiff's deadline to designate a rebuttal witness.[2] In the current Fifth Amended Scheduling Order, the Court agreed to extend by 30 days the close of discovery, dispositive motions, and proposed Pretrial Order deadlines, as well as the Pretrial Conference, but declined to further extend Plaintiff's rebuttal expert disclosure deadline.[3]

This case has been pending for more than 17 months. Discovery is set to close on July 12, 2017. On June 20, 2017, Plaintiff served a notice of deposition for Mr. Sowards, with the deposition to be taken on July 7, 2017.

Defendant does not address the duty to confer imposed by D. Kan. Rule 37.2, but attaches to his supporting suggestions a copy of email messages the parties' counsel exchanged on June 19 and 20. It appears counsel agreed Defendant would file the instant motion, which prompted Defendant's counsel to opine that he had complied with the duty to confer and asking Plaintiff's counsel to let him know if he disagreed.[4] There is no indication that Plaintiff's counsel further replied. Accordingly, the Court finds that counsel made a reasonable attempt to confer in an attempt to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II. Legal Standards

---

[1] *See* ECF No. 170 at 1.

[2] *Id.* at 1-2.

[3] *Id.* at 2.

[4] ECF No. 217-1 at 2.

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the . . . discovery."[5] The decision to enter a protective order is within the Court's broad discretion.[6] Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, *i.e.* that the requested order is necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[7]

In addition, the party seeking a protective order bears the burden of establishing good cause.[8] To establish good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9]

Under this Court's local rules, while certain discovery is automatically stayed by the filing of a motion for a protective order, a properly noticed deposition is instead stayed by a motion to quash a subpoena.[10]

## III.    Analysis

---

[5] Fed. R. Civ. P. 26(c)(1)(A).

[6] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[7] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)).

[8] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[9] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[10] D. Kan. Rule 26.2(b). The local rule cites Fed. R. Civ. P. 45(c)(3)(A) or (C), which no longer exist following the latest revision to Rule 45, but those subparagraphs described bases for a motion to quash a deposition subpoena.

As noted above, the Court has broad discretion with respect to protective orders. The Court may not issue such an order, however, unless the moving party "demonstrates that the basis for the protective order falls within one of the categories enumerated in [Rule] 26(c)."[11] In other words, the moving party must show that the requested order is necessary to protect the party from annoyance, embarrassment, oppression, or undue burden or expense.[12]

Defendant urges the Court to stay Mr. Sowards' deposition until the motion to strike is resolved and Mr. Sowards completes any supplementation of his opinion that may be permitted. Mr. Sowards could then be deposed only once. Defendant's argument against the July 7 deposition consists of a single statement that "[t]his is a needless burden on Peck, his counsel, and his expert."[13]

Defendant fails to demonstrate good cause. His argument presumes he will prevail in part on his motion to strike and will be granted the alternative relief he seeks, but he makes no particular and specific demonstration of facts showing that producing Mr. Sowards for his deposition on July 7 would cause annoyance, embarrassment, oppression, undue burden or expense. If Mr. Sowards is permitted to supplement his opinion as a result of the District Judge's ruling on Defendant's motion to strike, the parties will have a firm basis on which to revisit the issue of expert depositions. At this time, however, good cause does not exist to enter a protective order preventing Plaintiff from taking Mr. Sowards' properly noticed deposition on July 7, 2017 and delaying it until the discovery deadline has passed.

---

[11] *ICE Corp.*, 2007 WL 1652056, at *3; *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[12] *See* Fed. R. Civ. P. 26(c)(1).

[13] ECF No. 216 at 2.

**IT IS THEREFORE ORDERED** that Defendant Peck's Motion for Protective Order Staying Deposition of Peck's Expert Rodney Sowards (ECF No. 216) is denied.

Dated this 30th day of June, 2017, at Kansas City, Kansas.

*s/   Teresa J. James*
Teresa J. James
U.S. Magistrate Judge