IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

hibu INC., )
 )
          Plaintiff, )
 )
v. )    Case No. 16-cv-1055-JTM-TJJ
 )
CHAD PECK, )
 )
          Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff hibu Inc.'s Motion for Protective Order (ECF No. 198). Plaintiff asks the Court to shield it from Defendant's Request for Production of Document Nos. 78 and 79. Defendant opposes the motion. For the reasons set forth below, the Court grants the motion.

**I.    Relevant Background**

The parties have had numerous discovery disputes during the course of this litigation, resulting in the undersigned Magistrate Judge holding a number of conferences and issuing several written orders on motions. The instant motion deals with Defendant's Ninth Request for Production of Documents, served by Defendant's new counsel when his long-time counsel withdrew from representation. Plaintiff contends the requests are duplicative of prior counsel's earlier discovery requests, were served long after the deadline for Defendant to file a motion to compel and, in spite of this history, Defendant has refused to withdraw the requests. Plaintiff therefore seeks a protective order shielding it from the burden and annoyance of responding to RFP Nos. 78 and 79.

Plaintiff asserts the parties have met and conferred about this matter in compliance with D.

1

Kan. Rule 37.2, beginning with counsel speaking by telephone shortly after Defendant served his Ninth Requests.[1] In that conversation, Plaintiff's counsel voiced his opinion that the requests are duplicative of Defendant's earlier discovery. On May 15, 2017, Plaintiff's counsel reiterated the message in writing, expressing his understanding that Defendant's counsel is new to the case but finding that to be an insufficient basis for redundant discovery requests. The email closed with a request for Defendant's counsel to withdraw RFP Nos. 78 and 79 and notice that, absent withdrawal, Plaintiff would file a motion for protective order. Defendant did not withdraw the requests and Plaintiff timely filed the instant motion.

Defendant argues that his counsel made a good faith effort to resolve this dispute, but that rather than continue their dialogue, Plaintiff unnecessarily filed the instant motion. The Court disagrees. Defendant's counsel replied to the email and demonstrated his lack of familiarity with what documents Plaintiff had produced to date. He indicated he wanted to review documents Plaintiff had agreed to produce before further discussing the issue. But Plaintiff had already produced those documents and, as counsel points out in its reply brief, it was not Plaintiff's burden to instruct Defendant's new counsel regarding the history of this litigation. Accordingly, the Court finds that Plaintiff's counsel made a reasonable attempt to confer with Defendant's counsel in an attempt to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II.     Legal Standards

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

---

[1] According to the certificate of service (ECF No. 199-1 at 6), Defendant served his Ninth Requests on May 8, 2017.

expense, including forbidding the . . . discovery."[2] The decision to enter a protective order is within the Court's broad discretion.[3] Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, *i.e.* that the requested order is necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[4]

In addition, the party seeking a protective order bears the burden of establishing good cause.[5] To establish good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[6]

**III. Analysis**

As noted above, the Court has broad discretion with respect to protective orders. The Court may not issue such an order, however, unless the moving party "demonstrates that the basis for the protective order falls within one of the categories enumerated in [Rule] 26(c)."[7] In other words, the moving party must show that the requested order is necessary to protect the party from

---

[2] Fed. R. Civ. P. 26(c)(1)(A).

[3] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[4] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)).

[5] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[6] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[7] *ICE Corp.*, 2007 WL 1652056, at *3; *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

annoyance, embarrassment, oppression, or undue burden or expense.[8] "Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[9]

The Court considers each request in turn.

### A. Request for Production No. 78

RFP No. 78 asks Plaintiff to produce "[t]he personnel file of Peck and each of the Former Hibu Sales Representatives."[10] On January 20, 2017, Defendant's former counsel had served a Sixth Request for Production of Documents.[11] The latter includes RFP No. 54, which directs Plaintiff to "[p]roduce all complete personnel files (including electronic records) for Chad Pack and the Former hibu Sales Representatives."[12] Plaintiff responded that it would produce the requested documents and at some point before Defendant served RFP No. 78, Plaintiff did produce to Defendant the personnel files of all seven individuals.[13]

In his response to Plaintiff's motion, Defendant now concedes that not only is RFP No. 78 redundant of RFP No. 54, but also that Plaintiff fully complied with the latter request. Defendant offers no excuse for having propounded a duplicative document request, for his counsel's lack of

---

[8] *See* Fed. R. Civ. P. 26(c)(1).

[9] *Kan. Waste Water, Inc.*, 2005 WL 327144, at *2.

[10] ECF No. 199-1 at 5. "Former Hibu (or hibu) Sales Representatives" refers to the sales representatives Defendant solicited to leave hibu and join Dex Media, Defendant's new employer.

[11] *See* ECF No. 115.

[12] ECF No. 199-2 at 4.

[13] Plaintiff provides the Bates numbers of the seven groups of documents it produced in response to RFP No. 54. ECF No. 199 at 2 n.3.

familiarity with Plaintiff's document production, or for his refusal to withdraw RFP No. 78. The Court finds Plaintiff has demonstrated good cause and grants Plaintiff's motion with respect to RFP No. 78.

### B. Request for Production No. 79

RFP No. 79 directs Plaintiff to produce "[e]ach Employment Agreement that Peck or the Former Hibu Sales Representatives signed, or were presented, from 2006 through 2016, as well as all documents and communications relating to any such Employment Agreement signed by or presented to them."[14] Plaintiff contends the request is duplicative of the cumulative requests posed by two earlier RFPs and one interrogatory, in response to which Plaintiff both produced documents and lodged an objection that Defendant did not challenge. The earlier discovery requests are as follows:

> **Interrogatory No. 17:** List the date on which any of the Former hibu Sales Representatives were presented with or executed any type of agreement restricting their ability to solicit hibu customers after their employment ended.
>
> **Request No. 57:** Produce all emails showing all occasions when employment agreements (or other documents containing restrictive covenants) were distributed to Peck and the Former hibu Sales Representatives in connection with changes in compensation.
>
> **Request No. 72:** All documents, electronic or otherwise, pertaining to any employee agreement presented to Peck by any employee of hibu from June 2006 to January 2, 2015, including but not limited to (i) any employee agreements distributed to Peck in 2007, 2011, and 2014; and (ii) Peck's communications with hibu regarding his execution of any employee agreement he was presented with.

In response to Interrogatory No. 17, Plaintiff ultimately produced "the most current Employment Agreements for each of the Former hibu Sales Representatives that hibu has in its possession, custody, or control."[15] Plaintiff objected to providing the date on which the former

---

[14] ECF No. 199-1 at 4.

[15] ECF No. 199-3 at 10. The quoted language is from Plaintiff's supplemental answer to

hibu employees were presented with any such agreements, and Defendant did not timely challenge the objection. Insofar as RFP No. 79 seeks dates on which Plaintiff presented employee agreements to any of the Former hibu Sales Representatives, Defendant has waived his right to discover such information.[16]

In response to RFP No. 57, Plaintiff objected that the request is overly broad, burdensome, not reasonably calculated to lead to the discovery of admissible information, disproportional, and irrelevant to the issues in this case.[17] Defendant did not timely challenge the objection. Accordingly, insofar as RFP No. 79 seeks emails from Plaintiff to any of the Former hibu Sales Representatives regarding employment agreements sent in connection with changes in compensation, Defendant has likewise waived his right to discover such information.[18]

Finally, in response to RFP No. 72, Plaintiff agreed to produce responsive documents it could reasonably locate,[19] and in its motion Plaintiff represents that it did produce a communication about an Employee Agreement distributed to Defendant in 2014, but which Defendant did not execute and return. Defendant does not dispute Plaintiff's representation, nor has Defendant timely challenged the sufficiency of Plaintiff's production. To the extent RFP No. 79 seeks documents relating to employee agreements Plaintiff presented to Defendant or communications between them regarding Defendant's execution of any such agreements,

---

Interrogatory No. 17, served February 13, 2017. *Id.* at 11.

[16] *See* D. Kan. Rule 37.1.

[17] ECF No. 199-2 at 5. Plaintiff served the responses which include this objection on February 17, 2017. *Id.* at 7.

[18] *See* D. Kan. Rule 37.1.

[19] ECF No. 199-4 at 5. Plaintiff served this response on April 10, 2017. *Id.* at 6.

Defendant has waived the right to challenge the adequacy of Plaintiff's production by repeating the same request.[20]

What remains of RFP No. 79 after setting aside the redundant portions is a request for documents and communications, other than emails, relating to employment agreements presented to but not signed by the Former hibu Sales Representatives other than Chad Peck, for the period 2006 through 2016. Defendant characterizes it differently, however, stating that RFP No. 79 asks for "the later employee agreements themselves."[21] As Defendant is the party propounding discovery, the Court will accept his description of what he is seeking in RFP No. 79. Defendant's argument suggests that he believes Plaintiff possesses but has not produced later-dated employment agreements for the six other Sales Representatives. In its reply, however, Plaintiff insists it has produced "the *latest, executed* Employee Agreements in Hibu's possession, custody or control for these individuals."[22] Defendant offers no evidence that Plaintiff possesses any signed Employee Agreements for the six Sales Representatives with dates later than the agreements Plaintiff has produced. Accordingly, the Court finds that Plaintiff has shown good cause and grants Plaintiff's motion with respect to RFP No. 79.

    **C.    Request for Expenses**

Pursuant to Federal Rule of Civil Procedure 26(c)(3), Plaintiff seeks the expenses it incurred in bringing this motion. Defendant does not respond to Plaintiff's request. While the Court is granting Plaintiff's motion and expenses are presumptively appropriate after notice and

---

[20] *See* D. Kan. Rule 37.1.

[21] ECF No. 204 at 5.

[22] ECF No. 210 at 3.

opportunity to be heard, the Court finds an award is not warranted at this time.[23]  Plaintiff makes the request in a single sentence with no supporting argument, and in response to Defendant's concession that RFP No. 78 is redundant, Plaintiff states its willingness to abandon a request for relief.   The Court finds that the challenges new counsel face as a result of the long history and large volume of discovery in this case do not excuse Defendant's failure to withdraw its duplicative request in RFP No. 79, but also finds that Defendant's failure with regard to that one RFP do not warrant an award of sanctions

**IT IS THEREFORE ORDERED** that Plaintiff hibu Inc.'s Motion for Protective Order (ECF No. 198) is granted.

Dated this 30th day of June, 2017, at Kansas City, Kansas.

*s/  Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[23] Rule 26(c)(3) states that Rule 37(a)(5) applies to the award of expenses. If a motion is granted under Rule 37(a)(5), the court must, after giving opportunity to be heard, award reasonable expenses unless the court finds one of the enumerated exceptions applies.   In this case, the Court finds applicable the third exception in which other circumstances make an award of expenses unjust.   *See* Fed. R. Civ. P. 37(a)(5)(A).