# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| hibu INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-1055-JTM-TJJ |
| | ) | |
| CHAD PECK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Quash (ECF No. 224) filed by nonparty movant User-Friendly Phone Book, LLC ("User-Friendly). For the reasons discussed below, this Court lacks authority to decide User-Friendly's Motion to Quash and, therefore, the Court will not rule on the substantive arguments asserted by Plaintiff or User-Friendly relating to the motion.

In its motion, User-Friendly requests an order pursuant to Fed. R. Civ. P. 45(d) quashing the Subpoena to testify at a July 11, 2017 deposition in this case, issued by Plaintiff's counsel on June 29, 2017. User-Friendly seeks to quash the Subpoena on grounds that it fails to allow User-Friendly a reasonable time to comply, fails to allow User-Friendly or its counsel a reasonable time to prepare for any such deposition, imposes an undue burden on User-Friendly by requiring it to produce its corporate representative after notice that the witness was not available and when the witness would be out of the country, and while providing merely six business days' notice of the deposition. Plaintiff filed a response in opposition to the Motion to Quash (ECF No. 238).

Fed. R. Civ. P. 45(d)(3) provides that "[o]n timely motion, the court for the district *where compliance is required* must quash or modify a subpoena that (i) fails to allow a reasonable time to

comply . . . ."[1] The Subpoena that User-Friendly seeks to quash was issued from the District of Kansas but requires User-Friendly to produce a corporate representative witness for a deposition at User-Friendly's corporate headquarters located in The Woodlands, Texas.[2] Because the witness is to be produced in Texas, the Subpoena requires compliance in Texas and not Kansas.

While subpoenas must be issued from the court where the action is pending,[3] the authority to quash or modify the subpoena remains with the court for the district where compliance is required.[4] Although transfer of a motion to quash from the court where compliance is required to the issuing court is permitted under Fed. R. Civ. P. 45(f) in certain circumstances, any such transfer is not initiated by the issuing court.[5]

Absent any indication the motion to quash was transferred from the district where compliance is required under Rule 45(f), this Court is therefore without authority to rule on the motion.[6]

---

[1] Fed. R. Civ. P. 45(d)(3)(A)(i) (emphasis added). The quoted language superseded language in effect prior to the December 1, 2013 amendment to Rule 45(c)(3), which required the court *issuing* the subpoena to quash or modify the subpoena. *See* pre-2013-amendment Fed. R. Civ. P. 45(c)(3)(A) (2012).

[2] *See* Subpoena, ECF No. 225-10 at 4.

[3] Fed. R. Civ. P. 45(a)(2).

[4] Fed. R. Civ. P. 45(d)(3)(A) and (B); *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3935726, at *1 (D. Kan. June 26, 2015).

[5] *Cargill*, 2015 WL 3935726, at *1.

[6] *Id.*; *Tomelleri v. Zazzle, Inc.*, No. 13-cv-2576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015).

**IT IS THEREFORE ORDERED** that User-Friendly's Motion to Quash (ECF No. 224) the subpoena issued on June 29, 2017 is denied, without prejudice, due to this Court's lack of authority to rule on the motion.

Dated this 13th day of July, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge
