# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| hibu INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-cv-1055-JTM-TJJ |
| | ) |
| CHAD PECK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Chad Peck's Motion for Sanctions and to Compel hibu to Produce a Corporate Representative for Deposition (ECF No. 241). Defendant asks the Court to impose sanctions on Plaintiff for its failure to produce Angie Corcoran for a properly noticed Rule 30(b)(6) deposition, compel Plaintiff to produce a Rule 30(b)(6) deponent for a replacement deposition, and extend the deadline for dispositive motions until ten days after the replacement deposition. On July 24, 2017, in connection with the previously scheduled Final Pretrial Conference, the undersigned Magistrate Judge conducted an in-person hearing on the motion and issued an oral ruling denying the motion. The ruling, which was stated on the record, is memorialized as set forth below.

**I.      Relevant Background**

The Court will not repeat the entire factual history related to Ms. Corcoran's scheduled deposition, as it is not relevant to the Court's ruling. Suffice it to say that as with many of the depositions in this case, this Rule 30(b)(6) designee's deposition was set and rescheduled more than once. Ultimately, counsel agreed it would take place on July 13, 2017 in Cedar Rapids, Iowa. Ms. Corcoran appeared on that date along with Patrick L. Kenney and Plaintiff's in-house counsel. Eric F. Leon appeared alone on behalf of Defendant.

Until Mr. Leon arrived, Mr. Kenney had been expecting Lynn D. Preheim to conduct the deposition on behalf of Defendant. Counsel apparently spoke before going on the record to state their respective positions, following which counsel and Ms. Corcoran left without swearing her as a witness or beginning the deposition.

The record opens with Mr. Leon stating he had traveled from New York to take the noticed deposition of Ms. Corcoran as a 30(b)(6) witness of Plaintiff, and he was prepared to do so. He related his understanding that Plaintiff had agreed to produce her, but that Mr. Kenney was now refusing to go forward with the deposition. Mr. Kenney stated he had scheduled the deposition with Mr. Preheim and Travis Quick of Stinson Leonard Street well before Mr. Leon reentered his appearance in the case on July 7, with the understanding and representation that either Mr. Preheim or Mr. Quick would take the deposition and with no knowledge Mr. Leon would be reentering the case. Mr. Kenney noted that Mr. Leon had previously entered his appearance in this case while with Kirkland & Ellis, but withdrew after Plaintiff raised the issue of conflict of interest. Mr. Kenney stated his position that Mr. Leon has been imputed with knowledge of prior representations that his prior firm had involving Plaintiff, resulting in a conflict of interest which precludes Mr. Leon from taking depositions in this case.[1]

The following day, Mr. Quick sent Plaintiff's counsel an email which includes the following sentence relating to Ms. Corcoran's deposition: "Unless hibu immediately volunteers dates for a replacement deposition for next week, we intend to seek to compel it and recover all associated expenses through motion practice to be filed in the near future."[2]

---

[1] All references to the deposition record are to the three-page transcript (ECF No. 242-4).

[2] ECF No. 242-5 at 2.

2

During the hearing, the Court learned that counsel had no further communication regarding rescheduling Ms. Corcoran's deposition.

## II.     Analysis and Ruling

At the beginning of the hearing, the Court noted that at the Court's urging, counsel had conferred immediately prior to appearing on the record in an effort to resolve the issues raised in the motion.   Counsel advised the Court they were unable to do so, and the hearing commenced.

As the record reflects, the Court directed numerous questions to counsel before explaining the Court's analysis and issuing an oral ruling.   While the following passages are written in the present tense, except for citations they repeat remarks the Court made in open court on the record.

The Court finds counsel for Defendant failed to confer or make a reasonable effort to confer with Plaintiff's counsel before filing this motion as required by D. Kan. R. 37.2, but this finding is not the basis for the Court's ruling.   Instead, the Court denies the motion on the ground that the deposition of Angie Corcoran was scheduled for July 13, 2017, the day after discovery closed in this case.

This case is operating on a Fifth Amended Scheduling Order entered on April 28, 2017,[3] which extended the close of discovery from June 12 to July 12, 2017.   As the original Scheduling Order points out, "[a]ll discovery must be commenced or served in time to be completed by" the deadline.[4]   And in two recent conferences, the Court has reiterated the import of this deadline. First, following a June 6, 2017 conference, the Court's memorialized ruling includes the sentence:   "The July 12, 2017 discovery deadline remains in place.   The Court will not further extend the discovery deadline.   If the parties choose to conduct additional discovery by mutual

---

[3] ECF No. 170.

[4] ECF No. 13 at 5.

3

agreement after July 12, 2017, the Court will not be available to resolve any disputes that arise during the course of such extended discovery."[5]   Second, during a July 6, 2017 telephone conference (and memorialized in the Court's minute sheet from that conference) concerning yet another deposition dispute, the Court "reiterated that the July 12, 2017 discovery deadline remains in place and, absent further order, the Court will not assist the parties in resolving disputes that may arise with regard to any discovery they mutually agree to conduct after July 12, 2017."[6]

A clearly established rule makes the Court unavailable to resolve disputes arising from discovery the parties agree to conduct after the discovery deadline has passed, as evidenced by the following language contained in the form Pretrial Order used in this district:

> Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions or other pretrial preparations.  Although discovery may be conducted beyond the deadline for completion of discovery <u>if</u> all parties are in agreement to do so, under these circumstances the court will <u>not</u> be available to resolve any disputes that arise during the course of such extended discovery.

Given multiple amendments to the Scheduling Order, a July 26, 2017 deadline for filing dispositive motions, and repeated extensions of various deadlines in this case, along with the Court's admonishment it would not supervise discovery conducted after the discovery deadline, Defendant's motion comes too late.   It is also inconsistent with a well-established rule of this district.   But although the Court denies the motion, it does so without prejudice.   If Judge Marten's order on Peck's Rule 37(c)(1) Motion to Strike hibu Expert Steve Browne's Lost Profits Opinion (ECF No. 212) includes a ruling that permits Defendant to conduct additional discovery or delays the trial date, Defendant may re-file the instant motion.

---

[5] ECF No. 202 at 7.

[6] ECF No. 223.

**IT IS THEREFORE ORDERED** that Defendant Chad Peck's Motion for Sanctions and to Compel hibu to Produce a Corporate Representative for Deposition (ECF No. 241) is denied without prejudice as set forth herein.

Dated this 25th day of July, 2017, at Kansas City, Kansas.

*s/   Teresa J. James*
Teresa J. James
U.S. Magistrate Judge