IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIBU, INC.,

    Plaintiff,

v.

                                  Case No. 16-1055-JTM

CHAD PECK,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant Chad Peck's motion to strike plaintiff Hibu, Inc.'s rebuttal expert Steve Browne's lost profits opinion pursuant to Federal Rule of Civil Procedure 37(c)(1). (Dkt. 212). Defendant claims that Mr. Browne is really an affirmative damages expert that plaintiff failed to timely disclose. For the reasons stated below, defendant's motion is denied in part and granted in part. Mr. Browne's opinion for future lost profits beyond March 31, 2017, exceeds the scope of defendant's expert Rodney Sowards's opinion, and will be excluded.

**I.     Background**

In the parties' pretrial order, plaintiff seeks damages it incurred as a result of defendant's alleged breach of contract and tortious interference with business expectancy. Plaintiff claims at least $2,077,063, which includes amounts for lost revenue, training and recruitment costs, cover damages, defendant's severance payment, and goodwill. Plaintiff also seeks punitive damages and attorneys' fees.

Plaintiff submitted a detailed calculation of its damages in its disclosures and provided CFO Bryan Turner's testimony in support. Mr. Turner testified on October 14, 2016, and discussed five categories of damages. One category is Lost Revenue from April 1, 2016, to March 31, 2017, for print services, and from January 1, 2016, to December 31, 2016, for digital services. However, there was no claim for Lost Profits.

Defendant retained Mr. Sowards as its damages expert. Mr. Sowards disagrees that the proper claim for damages is Lost Revenue—which does not factor in plaintiff's costs it would have incurred to earn this revenue. Instead, Mr. Sowards opines that the proper damages claim is Lost Profits—lost revenue minus avoided costs—and provides an "alternative calculation of lost profit damages." (Dkt. 215-2, at 12). Mr. Sowards noted that he was missing information regarding plaintiff's avoided costs, and looked at Dex Media's print and digital sales made in the Wichita Market from March 2016 to January 2017.

On May 26, 2017, the last day of its deadline, plaintiff designated Mr. Browne as a rebuttal damages expert. Mr. Browne prepared a report and opined that plaintiff's damages for lost profits was between $2.2 to $2.6 million in lost profits over a 6 to 10 year future loss period.

**II.    Discussion**

Defendant argues that plaintiff did not timely disclose Mr. Browne as an affirmative damages expert as opposed to a rebuttal expert. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing,

or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The court finds that plaintiff timely designated Mr. Browne as a rebuttal expert within the deadline for rebuttal experts. As addressed below, Mr. Browne is a rebuttal expert, not an affirmative damages expert. Therefore, defendant's request to strike Mr. Browne as an expert witness in general is denied. But Mr. Browne's opinions exceed the scope of proper rebuttal.

Rebuttal evidence is "evidence which attempts to 'disprove or contradict' the evidence to which it is contrasted." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) (citing Black's Law Dictionary 579 (7th ed. 1999)). Rebuttal evidence on a matter is permissible once a party has opened the door to that matter. *Id.* It is within the court's discretion whether to admit or exclude rebuttal evidence. *Id.*

The court agrees with plaintiff that defendant's expert, Mr. Sowards, introduced the alternative theory of lost profits in lieu of lost revenue. Thus, plaintiff is allowed to consider and evaluate damages from lost profits to rebut Mr. Sowards. However, plaintiff specifically limited its damages to lost revenue from April 1, 2016, to March 31, 2017, for print services, and from January 1, 2016, to December 31, 2016, for digital services. At no time did plaintiff claim damages for future lost revenue, and the court does not consider plaintiff's general claim for total damages exceeding $2 million or loss of goodwill in the future to equate to a claim of damages for future lost revenue. These categories do not overlap.

Nor does the court read Mr. Sowards's report to state—as presented by plaintiff in its response—"[o]nly the time period of March 2016 until January 2017 should be considered in evaluating Hibu's lost profits." (Dkt. 237, at 6). Mr. Sowards's "calculation of damages in this matter is based upon an evaluation of Dex's Print and Digital sales made in the Wichita Market from March 2016 to January 2017. Only Dex's sales related to a prior hibu account have been included in [Mr. Sowards's] analysis." (Dkt. 215-2, at 13). The court finds that plaintiff—not Mr. Sowards—limited the time period to January 1, 2016, through March 31, 2017, for damages for lost revenue on print and digital services. Therefore, Mr. Browne's calculations and opinions for damages beyond March 31, 2017, are not proper rebuttal and are stricken.

IT IS THEREFORE ORDERED this 6th day of November, 2017, that defendant's motion to strike plaintiff's rebuttal expert Steve Browne's lost profits opinion pursuant to Fed. R. Civ. P. 37(c)(1) (Dkt. 212) is denied in part and granted in part. Mr. Browne's opinions regarding future lost profits beyond March 31, 2017, are stricken.

  s/ J. Thomas Marten  
  J. Thomas Marten, Judge