# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HIBU, INC.,

       Plaintiff,

v.

                                     Case No. 16-1055-JTM

CHAD PECK,

       Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Hibu Inc.'s motion to disqualify the law firm of Latham & Watkins LLP ("Latham") from representing defendant Chad Peck in this litigation pursuant to Kansas Rule of Professional Conduct ("KRPC") 1.10(a). (Dkt. 272). Also before the court are Latham Attorneys Joseph Serino, Jr.'s, Leah Friedman's, and Gregory S. Mortenson's motions to appear pro hac vice pursuant to D. Kan. Rule 83.5.4 and supporting affidavits. (Dkts. 274–76). For the reasons stated below, plaintiff's motion is denied. Messrs. Serino and Mortenson and Ms. Friedman are granted leave to appear pro hac vice.

### I.     Background

The court previously found that Kirkland's prior representation of plaintiff in earlier litigations was similar in nature to this action and further that Kirkland obtained confidential information relevant to plaintiff's business. (Dkt. 271). Because Messrs. Leon and Huang entered their appearances on behalf of defendant while still associated with Kirkland, disqualification was imputed to them under KRPC 1.9 and 1.10(a) due to

Kirkland's conflict.  The court did not believe that movement to a new, conflict-free law firm removed the effect of the imputed conflict once it had attached.  Conversely, Mr. Taylor had not represented defendant in this case while at Kirkland—he first entered his appearance after moving to Latham—thus, no conflict attached and he was allowed to remain on the case.[1]  It was unclear whether plaintiff was moving to disqualify Latham in its entirety and the court did not address that claim.  Plaintiff now moves to disqualify the entire Latham firm.

## II.    Legal Standards

"The court has inherent supervisory powers to control attorneys and motions to disqualify counsel are committed to the court's sound discretion."  *Coffeyville Res. Ref. & Mktg. v. Liberty Surplus Ins. Corp.*, 261 F.R.D. 586, 589 (D. Kan. 2009).  When deciding a motion to disqualify, the court reviews the unique facts of the case and balances competing considerations.  *McDonald v. City of Wichita, Kan.*, No. 14-1020-GEB, 2016 WL 305366, at *3 (D. Kan. Jan. 26, 2016).  Such considerations include: (1) the privacy of the attorney-client relationship; (2) the prerogative of each party to choose its own counsel; (3) and the hardships that disqualification would impose upon the parties and the entire judicial process.  *Id.*  The court is mindful that the parties' arguments can be misused as a litigation tactic or technique of harassment.  *Id.* ("A motion to disqualify counsel deserves serious, conscientious, and conservative treatment.").

---

[1] Latham "walled-off" Messrs. Leon and Huang.  It also states that in an abundance of caution, Latham walled-off Mr. Taylor from this case.  The court has reviewed the docket sheet and does not see a notice of withdrawal filed by Mr. Taylor. If Mr. Taylor is no longer representing defendant, then he needs to withdraw from this case.

As noted in the court's October 5, 2017 order, KRPC 1.9 and 1.10 apply.[2]  KRPC

1.10 determines when a Rule 1.9 conflict is imputed to an entire law firm.  *Monroe v. City*

*of Topeka*, 267 Kan. 440, 446, 988 P.2d 228, 232 (1999).  "In other words, under Rule 1.10,

disqualification results from an attorney's affiliation with a firm rather than from a

direct personal connection with the client in question."  *Id.*  KRPC 1.10 provides, in

relevant part:

> (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

> (b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:

> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

> (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9 (c) that is material to the matter.

## III.    Discussion

The court acknowledges that it previously found disqualification was imputed to

Messrs. Leon and Huang because of their association with Kirkland, and their

relocation to Latham did not remove the conflict.  Nevertheless, disqualification was

---

[2] Although the court indicated that a hearing might be necessary if plaintiff was moving to disqualify Latham under KRPC 1.10(b), the court finds that no hearing was needed.  Plaintiff claims that Latham is automatically disqualified under KRPC 1.10(a), not (b).  Furthermore, the affidavits attached to Messrs. Serino's and Mortenson's and Ms. Friedman's motions for leave to appear pro hac vice provide relevant information regarding their personal knowledge, or lack thereof, of plaintiff and its prior litigations.

due in part to Messrs. Leon and Huang first appearing in this case as Kirkland attorneys. The court agreed with plaintiff that the initial conflict did not evaporate, and there was an appearance of impropriety. But that was the extent of the conflict.

Under KRPC 1.9(a), plaintiff had to show that a Kirkland attorney represented plaintiff in a prior matter that was substantially related to the current case and defendant's interests are materially adverse to plaintiff's interests. Plaintiff met this hurdle. And because Messrs. Leon and Huang represented defendant while associated with Kirkland, they had a conflict. But this conflict was imputed to them purely because they were Kirkland attorneys, *see* KRPC 1.10(a), not because they acquired confidential or material information as contemplated under KRPC. 1.9(b).

This case is distinguishable from *McDonald*, 2016 WL 305366 at *5. There, the disqualified attorney personally represented the plaintiff and had personal knowledge of confidential information, which resulted in disqualification of her new law firm under KRPC 1.10. *Id.* Here, the records here show that Messrs. Leon and Huang did not personally represent plaintiff nor were they privy to confidential information. Therefore, the court finds that KRPC 1.9(b) does not apply to the present facts. While it is true that Latham now contains former Kirkland attorneys, plaintiff does not allege that any of these attorneys individually represented it in a prior litigation. Nor does plaintiff allege that any former Kirkland attorney associated with Latham has personal knowledge of confidential information. Thus, automatic disqualification of the entire Latham firm is not warranted under KRPC 1.10(a).

4

In their motions for leave to appear pro hac vice, Ms. Friedman and Mr. Mortenson declare that they were never associated with Kirkland. (Dkts. 275-1, 276-1). Mr. Serino declares the following:

1. He was previously associated with Kirkland, however, Mr. Serino denies any involvement with plaintiff's prior litigations or the instant case.

2. No personal knowledge of confidential information from plaintiff relating to the prior litigations.

3. No access to information pertaining to plaintiff's business strategy, business plans, business practices, historic financial data, financial projections, product strategy, employee data, debt structure, executory contracts, contingent obligations, and pending litigation.

4. No access to plaintiff's policies and practices with respect to maintaining and using confidential information, and enforcement of its confidential information agreements with former employees.

5. No communications with plaintiff's senior management or general counsel,

(Dkt. 274-1). Additionally, Mr. Serino denies knowing, or even meeting, plaintiff's senior management or general counsel.

Based on these representations presented in the affidavits, the court finds that no conflict exists. Messrs. Serino and Mortenson and Ms. Friedman are granted leave to appear pro hac vice.

IT IS THEREFORE ORDERED this 6th day of November, 2017, that plaintiff's motion to disqualify Latham from representing defendant (Dkt. 272) is denied.

IT IS FURTHER ORDERED that Joseph Serino, Jr.'s motion to appear pro hac vice (Dkt. 274); Leah Friedman's motion to appear pro hac vice (Dkt. 275); and Gregory S. Mortenson's motion to appear pro hac vice (Dkt. 276) are granted.

 s/ J. Thomas Marten
J. Thomas Marten, Judge