IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIBU, INC.,

      Plaintiff,

v.

                                        Case No. 16-1055-JTM

CHAD PECK,

      Defendant.

## MEMORANDUM AND ORDER

Before the court is plaintiff hibu, Inc.'s motion to strike defendant Chad Peck's untimely response (Dkt. 300) to its motion to exclude Rodney Sowards's expert reports and testimony. Defendant has moved for leave to file his response out of time. (Dkt. 302). For the reasons explained below, the court grants defendant's motion based on excusable neglect.

On November 14, 2017, plaintiff moved to strike defendant's expert. Defendant filed his response on December 5, 2017, one week after his response deadline expired. Under D. Kan. Rule 6.1(a):

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
>
> (1) whether there has been prior consultation with other parties and the views of other parties;
>
> (2) the date when the act was first due;
>
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and

(4) the cause for the requested extension.

Parties must file the motion before the specified time expires.  Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.

"Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum.  If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion."  D. Kan. Rule 7.4(b).

When determining whether excusable neglect exists, the court takes into account all relevant circumstances surrounding defendant's omission, including the danger of prejudice to plaintiff; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of defendant; and whether defendant acted in good faith.  *Kenney v. CitiMortgage, Inc.*, No. 14-2436-JAR, 2015 WL 265455, at *1 (D. Kan. Jan. 21, 2015) (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004)).  "Further, '[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake.'"  *Kenney*, 2015 WL 265455 at *1.

The court finds that defendant's one-week delay in filing his response to plaintiff's motion was excusable neglect.  Defendant's counsel claims that their office mistakenly calendared their deadline to be 21 days instead of 14 days after plaintiff filed

its motion. Defendant's counsel requested leave to file out of time one day after they realized they missed the deadline. The trial date has been continued by a couple of weeks and plaintiff will not be prejudiced by the one-week delay. Moreover, defendant's delay is a single unintentional incident, not a reoccurring event. Thus, defendant is granted leave to file his response out of time.

IT IS THEREFORE ORDERED this 12th day of December, 2017, that defendant's motion for leave to file his response out of time (Dkt. 302) is granted. Plaintiff's motion to strike defendant's untimely response (Dkt. 300) is denied.

s/ J. Thomas Marten  
J. Thomas Marten, Judge
