IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIBU, INC.,

      Plaintiff,

v.

                                 Case No. 16-1055-JTM

CHAD PECK,

      Defendant.

**MEMORANDUM AND ORDER ON MOTIONS IN LIMINE**

This matter is before the court on the parties' motions in limine filed in anticipation of the upcoming trial. Defendant filed a motion in limine as to experts (Dkt. 312) and another motion in limine on liability (Dkt. 313). Plaintiff filed seven separate motions in limine concerning its corporate history, employment agreements defendant claims he signed, hearsay statements, and other matters that are inadmissible under the federal rules of evidence (Dkts. 314–20). For the reasons stated below, defendant's motion regarding plaintiff's experts is denied. Defendant's motion regarding liability is granted in part and taken under advisement until trial. Plaintiff's motions are granted in part, denied in part without prejudice, and taken under advisement until trial.

**I.**    **Legal Standards**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to

issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Altman v. New Rochelle Pub. Sch. Dist.*, No. 13 CIV. 3253 (NSR), 2017 WL 66326, at *5 (S.D.N.Y. Jan. 6, 2017) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). A motion in limine "seeking to prohibit generic, unspecified 'prejudicial' testimony [is] not useful, and is properly denied." *United States v. Enns*, No. 15-10045-JTM, 2015 WL 8770006, at *1 (D. Kan. Dec. 14, 2015).

## II. Defendant's Motion in Limine as to Plaintiff's Experts

Plaintiff has designated its Chief Financial Officer, Bryan Turner, and other officers and managers, Chris Hett, Kevin Jasper, Tod Pike, and Jeff Johanns, as potential witnesses on damages. Defendant moves to exclude expert testimony from plaintiff's employees regarding plaintiff's damages. Defendant claims plaintiff failed to comply with Federal Rule of Civil Procedure 26(a), which is required for employee experts.

"Under Rule 26(a), a party seeking to call an expert witness must provide the opposing party with a written report, prepared and signed by the expert witness, that outlines, in pertinent part, the opinions that will be expressed at trial by the expert witness, the facts or data considered by the expert witness in forming those opinions, the expert witness's qualifications, the cases in which the expert witness has testified within the last four years, and the compensation to be paid the expert witness for his work and testimony in the case." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2)(B)(i)–(vii). However, these requirements apply only to expert witnesses, not fact witnesses. *Super Film of Am., Inc.*

*v. UCB Films, Inc.*, 219 F.R.D. 649, 658 (D. Kan. 2004). "The Comment to the 2010 amendment to Rule 26 (a)(2)(C) explains,

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.  Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony.  Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)."

*Ledford v. Kinseth Hosp. Cos.*, No. 15-1156-GEB, 2017 WL 2556020, at *5 (D. Kan. June 13, 2017).

Plaintiff claims that its designated officers and employees are lay witnesses under Fed. R. Evid. 701, not expert witnesses.  It argues that Turner's damage testimony is not expert testimony, but is a lay opinion because he is plaintiff's CFO.  Its only expert is Steve Browne, who is designated as a rebuttal expert on damages.

The designated officers and employees are employed with plaintiff and are not retained or specially employed to provide expert testimony.  Nor do these witnesses regularly provide expert testimony.  Therefore, plaintiff was not required to comply with Fed. R. Civ. P. 26(a)(2)(B).  Furthermore, these witnesses were deposed and there is no prejudice to defendant.  Defendant's motion as to plaintiff's officers' and employees' testimony on damages is denied.

### III.   Defendant's Motion in Limine on Liability

Defendant moves for an order precluding plaintiff from presenting evidence or argument on the following matters:

1) claims that were granted summary judgment in defendant's favor pursuant to the court's November 15, 2017 Memorandum and Order: defendant violated the 2006 Employee Agreement during the restricted period by soliciting plaintiff's customers; competing or preparing to compete with plaintiff; and soliciting plaintiff's employees who did not ultimately leave plaintiff's employment for Dex Media.

2) Evidence of any conversations between plaintiff and third parties, including plaintiff's employees and customers, regarding defendant's alleged solicitation that violates Fed. R. Evid. 801 and 805.

Plaintiff responds that it will not argue or seek damages as to claims that were dismissed, however, it is entitled to present evidence at trial that is relevant to its remaining claims even if such evidence also relates to the dismissed claims. Plaintiff also claims that testimony from Hett and Mike Ball about what others told them regarding defendant's actions are admissible for purposes other than the truth of the matters asserted. Plaintiff further states that customer statements are admissible under exceptions to the hearsay rule.

The court expects the parties to comply with the federal rules. And to the extent that such evidence is relevant to and/or provides useful context for the remaining claims, such evidence is admissible. Likewise, out-of-court statements not being used for the truth of the matter asserted and/or fall under a hearsay exception are admissible. *See* Fed. R. Evid. 801(c); 803. The court will review specific objections at trial, if necessary.

### IV. Plaintiff's Motions in Limine

*First Motion – Evidence of Other Employee Agreements*

Plaintiff moves to exclude reference to or evidence of any purported employment agreements between plaintiff and defendant other than the May 23, 2006 Employee Agreement (the "2006 Agreement"), with the exception of defendant's severance agreement. Plaintiff also moves to exclude reference to or evidence of any purported employee agreements between plaintiff and Brooke Peck, Monica Forrest, Kari Kimbro, Ricky Baker, Lance Flowers, or Brad Winfrey (the "six sales representatives"), except those employee agreements that have been produced in the case and presented to the court at summary judgment.

The court denied summary judgment on defendant's claim that he signed subsequent employee agreements because the matter was disputed. Plaintiff claims that even if defendant signed and returned any of the subsequent employment agreements, there were no material changes to the non-compete restrictions—thus, a breach still occurred.

The court appreciates plaintiff's position, however, it still has the burden to show the existence of a valid agreement between the parties. The parties may present evidence in support of their respective positions. The jury can decide whether any agreement existed and whether defendant violated its terms.

*Second Motion – Evidence of Plaintiff's Corporate History*

Plaintiff seeks to exclude reference of or evidence related to its corporate history, including "the merger of Yellow Book USA, Inc. into Yellow Book Sales and Distribution Company, Inc. and the subsequent name change of the surviving company to Yellowbook Inc. and thereafter to Hibu Inc.; and 2) filings made by [plaintiff] and its

5

corporate predecessors or their affiliates with the Kansas Secretary of State, including, but not limited to, Yellow Book USA's 2009 filing of an Amendment of Withdrawal with the Kansas Secretary of State." (Dkt. 315, at 1).

The court previously ruled that plaintiff may enforce the 2006 Agreement against defendant as Yellow Book Sales and Distribution Company, Inc.'s successor and surviving corporation following its merger with Yellow Book USA, Inc. Defendant does not intend to introduce evidence of plaintiff's corporate history to dispute/reargue this matter. However, to the extent that plaintiff's corporate history is relevant to the remaining claims and/or provides helpful background information to the jury, such evidence is admissible.

*Third Motion – Evidence of Adverse Employment Actions*

Plaintiff wants to prevent defendant from introducing evidence of any adverse employment action as to any current or former employee of plaintiff's, other than defendant, the six sales representatives, or Randy Riekenberg. Plaintiff argues that such evidence is not relevant to any claim or defense, would lead to mini-trials regarding each disciplinary action, and would distract the jury from the pertinent issues.

Defendant responds that evidence of plaintiff's general dealings with its employees will give the jury a better understanding of the work atmosphere and allow the jury to assess how defendant was able to recruit the six sales representatives to Dex Media. Defendant further argues that evidence of layoffs, terminations, and other departures of plaintiff's employees is relevant to damages and causation.

The court finds that evidence of plaintiff's work environment is relevant to defendant's defense that the six sales representatives left plaintiff's employment for personal reasons, as opposed to being recruited by defendant. The parties' witnesses may testify about their reasons for leaving plaintiff's employment and their opinion about plaintiff's work environment. However, plaintiff may object to such evidence to the extent it is irrelevant, cumulative, or consists of hearsay statements. The court will rule on any objections at trial.

*Fourth Motion – Hearsay Statements by Prospective Customers about Plaintiff*

Plaintiff moves to exclude evidence of hearsay statements made by defendant's and/or the six sales representatives' prospective customers. As noted above, the parties are expected to follow the federal rules of evidence. Out-of-court statements may not be used for the truth of the matter asserted or must fall under a hearsay exception under Fed. R. Evid. 803.

*Fifth Motion – Defendant's Reliance on Legal Advice from Counsel or Dex Media*

Plaintiff claims that defendant waived the affirmative defense of reliance on advice of counsel because it was not asserted in the Final Pretrial Order. Defendant responds that he is not asserting an advice-of-counsel defense.[1] Defendant, however, argues that Dex Media took comprehensive steps to ensure that defendant and the six sales representatives returned potential confidential information to plaintiff and

---

[1] "In the Tenth Circuit, to establish a good faith reliance on counsel defense, the defendant must show (1) a request for advice of counsel on the legality of a proposed action, (2) full disclosure of the relevant facts to counsel, (3) receipt of advice from counsel that the action to be taken will be legal, and (4) reliance in good faith on counsel's advice." *United States v. Wesberry*, 656 F. App'x 895, 899 (10th Cir. 2016) (quoting *United States v. Wenger*, 427 F.3d 840, 853 (10th Cir. 2005).

7

complied with their non-compete agreements. Defendant claims that evidence of Dex Media's procedures and defendant's compliance thereof are relevant to determine whether defendant breached the 2006 Agreement.

The court finds that defendant's proffered use of Dex Media's communications and defendant's reliance on advice from Dex Media's legal counsel is relevant to claims contained within the Final Pretrial Order, i.e. whether defendant used plaintiff's confidential information and violated the terms of his 2006 Agreement. As a result, plaintiff's motion is denied.

*Sixth Motion – Reference to Plaintiff's In-House Attorneys*

Defendant does not oppose plaintiff's motion, and requests that plaintiff also refrain from referencing, mentioning, or identifying defendant's in-house lawyers. Subject to opening the door to this matter, the parties shall not refer to each other's in-house counsel.

*Seventh Motion – Reference to the Parties' Settlement Discussions*

Defendant does not oppose plaintiff's motion in limine to exclude evidence related to settlement discussions. However, defendant reserves the right to use such evidence for any permissible purpose contemplated by Fed. R. Evid. 408 or any other applicable law or rule. Plaintiff's motion is granted, subject to defendant's limitation.

IT IS THEREFORE ORDERED this 11th day of January, 2018, that defendant's motion in limine as to experts (Dkt. 312) is denied. Defendant's motion in limine on liability (Dkt. 313) is granted in part, and taken under advisement until trial.

IT IS FURTHER ORDERED that plaintiff's first, third, and fifth motions in limine (Dkts. 314, 316, and 318) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's second, fourth, sixth, and seventh motions in limine (Dkts. 315, 317, 319, and 320) are granted subject to the limitations identified above.

    s/ J. Thomas Marten
J. Thomas Marten, Judge

9