IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIBU INC.,

        Plaintiff,

v.                                        Case No. 16-cv-01055-JTM-TJJ

CHAD PECK,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on competing motions pertaining to this Court's May 1, 2018 Memorandum and Order (Dkt. 435) awarding Hibu Inc. $953,712.31 in attorneys' fees and $194,834.78 in expenses, for a judgment of $1,148.547.09.[1] Peck timely appealed that award. (Dkt. 436). Notwithstanding the appeal, Plaintiff Hibu, Inc. filed an Application for Writ of Garnishment requesting that the Court immediately issue an Order of Garnishment to attach Peck's earnings for the amount of $1,148,547.09 plus post-judgment interest and costs. (Dkt. 441, at 2). Hibu Inc. argues in its Application that Fed. R. Civ. P. 69 provides for a "money judgment [to be] enforced by a writ of execution, unless the court directs otherwise." (Dkt. 441, at 2).

In response, Defendant Chad Peck filed Objections to the Application (Dkt. 443) as well as a Motion for Protective Order (Dkt. 446) seeking to prevent Hibu Inc.'s

---

[1] The award of fees and expenses is separate and distinct from $100,000.00 plus post judgment interest awarded to Hibu Inc. after jury trial on February 1, 2018 (Dkt. 402). Although Hibu Inc. has appealed that judgment (Dkt. 413), Peck has paid the $100,000.00 in full and that judgment is not at issue for purposes of this Memorandum and Order.

1

deposition of Peck. Peck also filed a Motion to Approve Supersedeas Bond, Stay Enforcement of Pending Appeal, Deny Garnishment Application and Quash Deposition Notice as Moot (Dkt. 447) and Memorandum of Law in support (Dkt. 448).

Peck's various filings request that the Application be denied as moot because Peck is willing and able to post a surety bond in the amount of $1,435,684.00, which represents 125 percent of the outstanding award to Hibu Inc. (Dkt. 447, at 2). Peck argues that the amount of the bond is sufficient and entitles him to a stay of execution on appeal under Fed. R. Civ. P. 62(d) and Kansas District Court Local Rule 62.2. (Dkt. 448 at 3-5).

Fed. R. Civ. P. 62(d) provides "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond …. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Rule 62(d) does not specify the amount of the supersedeas bond necessary to obtain a stay. District of Kansas Local Rule 62.2, however, indicates that "[a] supersedeas bond staying execution of a money judgment just, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay." Here, Peck has provided the Court with a supersedeas bond in the amount of $1,435,684.00 (Dkt. 447-1), which represents 125 percent of the amount of the judgment Hibu Inc. seeks to enforce.

"The purpose of requiring a supersedeas bond pending appeal 'is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency.'" *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559-60 (10th Cir. 1996) (quoting *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d

871, 873 (10th Cir. 1986)). The Court has "inherent discretionary authority" to set the amount of a supersedeas bond. *Id.* at 1560 (quoting *Miami Int'l,* 807 F.2d at 873). The bond presented by Peck is in full compliance with this District's Local Rule, and the Court finds the bond in the amount of $1,435,684.00 to be sufficient to secure Hibu Inc.'s judgment throughout the appellate process.

The remaining question before the Court is whether the bond, being sufficient in amount, entitles Peck to obtain a stay of execution pending the outcome of his appeal. "With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)…." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theaters, Inc.*, 87 S. Ct. 1, 3, 17 L.Ed.2d 73 (1966) (citing *In re Federal Facilities Realty Trust*, 7 Cir. 227 F.2d 651, 655). The judgment at issue here is an award of attorneys' fees and costs following a jury trial. A decision awarding attorneys' fees "is 'collected or executed in the same manner as any other money judgment.'" *RMA Ventures California v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009) (quoting 10 James Wm. Moore et al., *Moore's Federal Practice* § 54.152[2][a], at 54-262 (3d ed. 2009)).

Hibu Inc.'s award of fees and costs, being equivalent to any other money judgment, is subject to Fed. R. Civ. P. 62(d)'s provisions providing for a stay of execution upon appeal. Peck has shown an ability and willingness to post a bond with this Court equivalent to 125 percent of the attorneys' fees and costs award, which complies with this

Court's local rules and is sufficient to secure Hibu Inc.'s right to recover throughout the appellate process.

**IT IS THEREFORE ORDERED** that Peck's Motion to Approve Supersedeas Bond (Dkt. 447) is GRANTED. The Court will stay execution of the May 1, 2018 award pending the results of Peck's appeal, conditioned upon Peck's posting of the surety bond in the amount of $1,435,684.00 in the form presented to the Court in Dkt. 447-1 with the Clerk of Court. The stay shall remain in effect until the mandate is issued. If Peck's appeal is denied, this stay shall terminate automatically. Having found the bond sufficient and having stayed execution of the judgment pending appeal, Hibu Inc.'s Application for Writ of Execution (Dkt. 441) is DENIED. Peck's Motion for Protective Order (Dkt. 446) and Peck's Objections to Application for Writ of Garnishment (Dkt. 443) are rendered moot by this ruling.

**IT IS SO ORDERED**.

Dated this 12th day of September, 2018.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT